# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARIA T., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 19-05324-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Maria T. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] The Commissioner's decision is reversed and this case is remanded for further proceedings consistent with this opinion.

## I. INTRODUCTION

Plaintiff applied for DIB and SSI on August 14, 2015, alleging disability beginning December 15, 2014. See Dkt. 16, Administrative Record ("AR") 10. After being denied initially and on reconsideration, Plaintiff requested and

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

received a hearing before an Administrative Law Judge ("ALJ") on March 5, 2018. See AR 30-68.

On May 25, 2018, the ALJ denied Plaintiff's claim for benefits. See AR 7-22. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. See AR 13. At step two, the ALJ determined that Plaintiff had the severe impairment of degenerative joint disease of the left knee. See id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 14.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with certain additional limitations. See AR 14. At step four, the ALJ determined that Plaintiff could perform her past relevant work as a taxi dispatcher (DOT 249.167-014) as both actually and generally performed. See AR 17. At step five, the ALJ alternatively determined that Plaintiff could work as a small products assembler (DOT 706.684-022), production assembler (DOT 706.687-010), and addresser (209.587-010). See AR 17-18. Accordingly, the ALJ found that Plaintiff was not disabled. See AR 18.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ decision is "based on legal error or not supported by substantial evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030,

1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

"Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks omitted). Yet the court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)). The court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Id. at 1010.

### III. DISCUSSION

#### A. Plaintiff's Testimony

The single issue raised by Plaintiff is whether the ALJ properly considered Plaintiff's subjective symptom testimony. See Dkt. 17, Joint Stipulation ("JS") at 4.

Plaintiff testified to various limitations attributable to her left knee, limitations that persisted after she had knee replacement surgery. See AR 44-54. She told the ALJ that she has had an issue with her knee since she was 9 or 10 years old, see AR 44; in 2015, she told an orthopedic surgeon that she was injured in a skateboard accident at age 10 but did not seek treatment for almost a year despite pain and deformity, see AR 292. She told the ALJ that she had three surgeries when she was a teenager and that she had hardware from those

3

surgeries removed in 2000. See AR 44; see also AR 292 (reporting same in 2015 to orthopedic surgeon).

Plaintiff testified that when at home she uses a walker prescribed by her doctor after her knee replacement surgery. See AR 47-48. She also testified that whenever she goes outside she uses a cane that she bought on her own. See AR 47. She did not bring either the walker or the cane to the hearing; she explained to the ALJ that she left her cane on the train that morning. See AR 48. She testified that "it's still hard for me to walk" even after the knee replacement surgery and with some improvement from physical therapy. AR 45. She stated that she could stand for 30 minutes at a time and for a total of 2 hours. See AR 47. She also testified that she could walk about 4 blocks in 30 minutes. See id. She testified that she could sit for about 20 or 30 minutes before she had to move positions due to the pain. See AR 46. She told the ALJ that she could lift a gallon of milk but could not carry it. See AR 49.

The ALJ discounted Plaintiff's testimony. The ALJ concluded that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 16.

Where, as here, an ALJ concludes that a claimant is not malingering and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Lingenfelter, 504 F.3d at 1036 (citation omitted)." "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722

4

(9th Cir. 1998) (citation omitted); see also Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). Accordingly, an ALJ errs by making only a "single general statement that 'the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment,'" without identifying "sufficiently specific reasons" for rejecting the testimony, supported by evidence in the case record. Treichler v. Comm'r of SSA, 775 F.3d 1090, 1102-03 (9th Cir. 2014); see also Brown-Hunter v. Colvin, 806 F.3d 487, 493-94 (9th Cir. 2015) (finding error where ALJ "did not specifically identify any . . . inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination.").

Here, the ALJ made only the statement that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record." AR 16. ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination. "After making this boilerplate statement, the ALJs typically identify what parts of the claimant's testimony were not credible and why." Treichler, 775 F.3d at 1103. But here the ALJ failed to do so. The ALJ did not specifically identify the testimony she found not credible or link that testimony to the particular parts of the record supporting her non-credibility determination. An ALJ's "vague allegation" that a claimant's testimony is "not consistent with the objective medical evidence," without "specific findings in support," is erroneous. Vasquez v. Astrue, 572 F.3d 586, 592 (2008); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001) (holding that ALJ may not reject subjective symptom testimony based solely on lack of objective medical evidence).

Acknowledging that the ALJ's explanation was not fulsome, the Commissioner gamely tries to assert that the ALJ largely credited Plaintiff's allegations and incorporated significant limitations into the RFC. See JS at 12-14. This response is inadequate. As recounted above, Plaintiff testified that she could stand for 30 minutes at a time with a maximum of two hours, and that it took her 25-30 minutes to walk four blocks. See AR 46-47. But the ALJ's RFC concluded that Plaintiff could stand or talk for up to 6 hours of an 8-hour workday. See AR 14. It is thus apparent that the RFC did not incorporate Plaintiff's testimony about her limitations.

The Commissioner also points out that the ALJ's RFC did not include Plaintiff's need for an assistive device, despite Plaintiff's testimony. See JS at 12-13. But the ALJ did not specifically reject the need for a cane or walker because Plaintiff lacked credibility. Even if the Commissioner's explanation might be reasonable, the Court must only "review the reasons the ALJ asserts." Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). The ALJ never provided such a reason for rejecting Plaintiff's testimony.

In sum, the ALJ did not offer clear and convincing reasons for discounting Plaintiff's testimony about the limitations caused by her symptoms. Remand is warranted on this claim of error.

**B.** **Remand Is Warranted**

Whether to remand for further proceedings or an award of benefits is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, the Court finds that remand is the appropriate remedy to allow the ALJ the opportunity to more fully explore Plaintiff's testimony.

### IV. CONCLUSION

The decision of the Social Security Commissioner is reversed and this case is remanded.

IT IS SO ORDERED.

Date: April 7, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge